USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATAVIA LOWERY,

     Plaintiff,

  Against

CITY OF NEW YORK, Et al.,

     Defendants.

---

10 Civ. 724(KBF)

**AMENDED COMPLAINT**

RULE 15B

SCANNED

  Plaintiff Natavia Lowery, respectfully submits this amended complaint pursuant to Rule 15b.

## NATURE OF ACTION

1. This is a civil action, pursuant to 42 U.S.C. §§ 1983 and 1988, and state law, seeking monetary damages for Plaintiff, Natavia Lowery, due to her malicious prosecution for Aggravated Harassment of an Employee, in violation of New York State Penal Law § 240.32, and Sexual Harassment, which was substantially caused by the mis-conduct of the City of New York, New York City Department of Corrections and its employees, Captain Santiago, and other unknown officers (collectively "the NYCDOC defendants").

2. Plaintiff is currently an inmate at Bedford Hills Correctional Facility, a New York State prison. Previously, and at all relevant times for the purpose of this action, plaintiff was an inmate at the Rose M. Singer Center on Rikers Island, a NYCDOC facility.

3. On January 13, 2010, plaintiff was arrested for throwing a mixture of urine and other substances at a correction officer.

4. On May 17, 2010, plaintiff was indicted by a grand jury in the County of the Bronx, on Charges of Aggravated harassment of an employee by an inmate, obstructing governmental administration in the Second Degree, and Criminal Mischief in the fourth degree.

5. Plaintiff alleges that the indictment was based upon materially false accusations, and that she should never have been prosecuted for any of these crimes.

6. Plaintiff further alleges that she was sexually harassed on two occasions by defendant Captain Santiago, a NYCDOC corrections officer. Plaintiff cannot recall the exact date and time of the first occurrence of sexual harassment, but the facts of this matter are that defendant Santiago made sexual advances towards plaintiff, and threatened that "there would be reprisals and repercussions" if she complained or told anyone. Plaintiff immediately told her father about this incident.

7. Plaintiff's father filed a complaint with the "Inspector General's office." One the second occasion, defendant Santiago exposed his genitals to plaintiff and stated that he was sexually attracted to her.

8. This law suit alleges that Defendant's Santiago, Schriro, NYCDOC, and the City of New York should be held liable for her devastating injury to the plaintiff, but also that the City of New York, under state-law principle of respondent superior, because NYCDOC defendants were acting within the scope of their employment when they cause plaintiff's injuries.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

9.  This actions arises under 42 U.S.C. §§ 1983, and 1988, and under the common law of the State of New York.

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 1343m and by the principles of pendent jurisdiction.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. This action has been commenced within the one year and ninety days of the accrual of Plaintiff's causes of action.

13. Plaintiff has duly complied with all conditions precedent with the commencement of this action.

## THE PARTIES

14. Plaintiff, Natavia Lowery, is a citizen and resident of the State of New York and of the United States.

15. Defendant, City of New York ("defendant city" or "the City"), is a municipal corporation existing by virtue of the laws of the State of New York.

16. Defendant, New York City Department of Corrections, is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

17. Defendant, Santiago ("Santiago") was at all relevant times a Corrections Officer, employed by the NYCDOC, acting within the scope of his authority and under color of State law.  He is named here in his individual capacity.

18. Defendant, Schriro ("Schriro") was at all relevant times the Commissioner of NYCDOC, acting within the scope of his authority and under color of State law.


### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

A.  Sexual Harassments

19. In May of 2008, plaintiff made a formal complaint to the defendant NYCDOC about a correction officer named Vargas (Vargas).  Vargas, a male correction officer, made it his business to enter in the female inmate showers while they showered without announcing a male was entering, allowing the women enough to cover themselves.

20. Plaintiff complained to Deb Collins, who was a Deputy.  As a result, Vargas was removed from the housing unit for a week.  Afterwards, Vargas began harassing plaintiff with the writing of disciplinary infractions.

21. On a date not clear, but while plaintiff was in the custody of the defendant NYCDOC, defendant Captain Santiago exposed his genitals to plaintiff while standing in front of her cell.  Captain Santiago made unwanted sexual advances towards plaintiff, that defendant knew to be in violation of plaintiff's civil rights.

22. When plaintiff refused Defendant Captain Santiago's advances, Captain Santiago threatened Plaintiff that he would "get you, if you told anyone".

23. On June 13, 2010, defendant Captain Santiago, confronted plaintiff and told her that he was uncontrollably sexually attracted to her, and exposed his genitals once again.  Again, plaintiff denied his advances.  This time, however, she informed

her father about the incident. Her father then contacted the state attorney general and made a formal complaint.

B. Malicious Prosecution and First Amendment right violations

24. On or about March 2008, Plaintiff had several discussions with the Inspector General concerning Correction Officer Boxhill and Vargas. Each of these discussions was known to defendant NYCDOC.

25. On or about the 27th day of December 2009, Plaintiff and several inmate detainees, made formal complaints against Correction Officer Boxhill (Exhibit A).

26. As a result of these continuing complaints, plaintiff was accused of throwing urine onto correction officer Boxhill of defendant NYCDOC's policy.

27. On or about the 11th day of June 2010, the plaintiff was transferred from the State Correctional Facility of Bedford Hills to the New York City Department of Corrections.

28. While in custody, the plaintiff was charged with Aggravated Harassment of an Employee, in violation of New York State Penal Law § 240.32. This charge was based upon accusations of the defendants, and were known, or should have been known to be false by the defendants.

29. In December of 2012, the charges of Aggravated Harassment of an Employee in violation of New York State Penal Law § 240.32 was dismissed in plaintiff's favor.

C.  Plaintiffs Damages and Injuries

30. Plaintiff injuries are continuing, where she is fearful of male correction officers
    and their authority over her.  She fears to seek redress for issues she has a clear
    right to pursue under the Constitutions of the State and United States.  As a result
    of the malicious prosecution, Plaintiff was exposed to sexual harassment.

## FIRST CAUSE OF ACTION

### (Malicious Prosecution under State Law; defendants
### NYCDOC and City of New York).

31. Plaintiff repeats and re-alleges each and every allegation contained in ¶¶ 1
    through 29 of this Complaint.

32. By virtue of the foregoing, the NYCDOC and the City of New York acted in
    concert with each other and with additional persons for whose acts they are liable,
    initiated, continued and/or caused the initiation or continuation of, criminal
    proceedings against Plaintiff.

33. The criminal proceedings terminated in Plaintiff's favor, and as a result were
    sealed under state law for cases resolved in the defendant's favor.

34. The NYCDOC and the City of New York acted with actual Malice.

35. The City is liable under the principle *respondent superior*.

## SECOND CAUSE OF ACTION

36. Plaintiff repeats and re-alleges each and every allegation contained in ¶¶ 1
    through 29 of this Complaint.

37. By virtue of the foregoing, the NYCDOC and City of New York are defendant's
    liable under 42 U.S.C.   1983, for compensatory and punitive damages, for

knowing, willfully, and maliciously causing Plaintiff to be deprived of her liberty without probable cause in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CAUSE OF ACTION

**(42 U.S.C. 1983; Sexual Harassment and Denial of First Amendment right to seek redress; Defendants Captain Santiago, Commissioner Schriro, and City of New York).**

38. Plaintiff repeats and re-alleges each and every allegation contained in ¶¶ 1 through 29 of this Complaint.

39. By deliberately exposing himself and making unwanted sexual advances in his official capacity as a correction officer, Captain Santiago is liable to plaintiff under 42 U.S.C. § 1983 for compensatory and punitive damages.

40. By failing to properly supervise and train its employees, the defendant's NYCDOC and the City of New York are liable under 42 U.S.C. § 1983 for compensatory and punitive damages.

## DAMAGES DEMAND

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

(a) For compensatory damages of not less than $20,000,000.00 from each defendant.

(b) For Punitive damages of not less than $100,000,000.00

(c) For pre-judgment interest as allowed by law; and

(d) For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Natavia Lowery
Plaintiff, *pro se*

















